**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BRIAN K. ADKINS,        ) | |
|           ) | |
|        Plaintiff,       ) | |
|     vs.               ) | 1:10-cv-0168-SEB-TAB |
|           ) | |
|           ) | |
| MICHAEL J. ASTRUE, Commissioner    ) | |
|   of the Social Security Administration,    ) | |
|           ) | |
|        Defendant.      ) | |

### Entry Granting Petition for Attorney's Fees

Plaintiff Adkins' petition under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), for attorney fees [35] is **granted.** Adkins seeks an award of attorney fees in the amount of $6,473.89, to which the Commissioner does not object.

The only objection asserted by the Commissioner is that the fees not be paid directly to plaintiff's counsel. *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). The Commissioner alleges that the Agency will not be able to determine whether Adkins has any pre-existing federal debts until after the court grants the award.

There is a valid assignment in this case. An order directing payment to Adkins' attorney *after* the government determines whether Adkins has any pre-existing federal debts accommodates the concerns discussed in *Ratliff. See Smith v. Astrue*, 1:09-cv-1165-DML-JMS, 2011 WL 2064843 (S.D.Ind. May 25, 2011).

The Commissioner shall determine whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a pre-existing debt Adkins owes the government. The amount of the fee award remaining after the offset (if any) shall be paid to Adkins' attorney consistent with the assignment.

A separate Order consistent with the foregoing shall now issue.

**IT IS SO ORDERED.**

Date: 09/27/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana